UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CYNTHIA MITCHELL | § | |
| | § | |
| | § | |
| vs. | § | C.A. NO. 4:19-cv-04056 |
| | § | (JURY) |
| STATE FARM LLOYDS | § | |

## DEFENDANT STATE FARM LLOYDS' NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

STATE FARM LLOYDS ("State Farm"), Defendant in the above-styled and numbered cause, files this Notice of Removal of the present case from the 458th Judicial District Court of Fort Bend County, Texas to the United States District Court for the Southern District of Texas, Houston Division.  In connection with this Notice of Removal, State Farm would respectfully show the Court as follows:

## I.
## PROCEDURAL BACKGROUND

1.      On August 23, 2019, Plaintiff filed this action against State Farm in the 458th Judicial District Court of Fort Bend County, Texas.  The state cause number is 19-DCV-265798 ("State Court Action").  In Plaintiff's Original Petition ("Original Petition"), Plaintiff seeks monetary relief over $100,000. (*See* Pl.'s Original Pet. at 10.) State Farm was served on September 18, 2019. State Farm filed its answer on October 11, 2019.

2.      In accordance 28 U.S.C. § 1446, State Farm files this Notice of Removal to remove the State Court Action from the 458th Judicial District Court of Fort Bend County, Texas to the United States District Court for the Southern District of Texas, Houston Division.

## II.
## NATURE OF SUIT

3.       Plaintiff filed this lawsuit alleging State Farm failed to pay insurance benefits owed to her in accordance with her insurance policy for damage to her home and property caused by wind from Hurricane Harvey. (*See* Pl.'s Original Pet. at 2–4.) Plaintiff asserts causes of action for breach of contract, for violations of Chapters 541 and 542 of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, gross negligence, and breach of the common law duty of good faith and fair dealing. (*Id*. at 4–9.)

## III.
## BASIS OF REMOVAL

4.       The Southern District of Texas has jurisdiction over this action, pursuant to 28 U.S.C § 1441 and 28 U.S.C. § 1332, because the parties are diverse and the amount in controversy exceeds $75,000, exclusive of interests and costs.

5.       First, the parties are diverse. At all relevant times, Plaintiff was, and continues to be, a Texas citizen. (*See* Pl.'s Original Pet. at 1.)  State Farm is an association of individual underwriters authorized to conduct business in Texas as a Lloyd's plan insurer, which is defined and set out in Chapter 941 of the Texas Insurance Code. The citizenship of an unincorporated association is determined by the citizenship of each member of the entity, not by the state where the entity is organized. *See Royal Ins. Co. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882–83 (5th Cir. 1993) (finding that a Lloyd's plan association was not a Texas citizen); *see also Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999) (finding that State Farm Lloyds is a citizen of Illinois). At all relevant times, State Farm was, and continues to be, an unincorporated insurance association whose underwriters were, and still are, citizens of states other than Texas. (*See* Aff. of Michael Roper attached hereto.) Accordingly, State Farm is not a citizen of the State of Texas.

6.      Second, the amount in controversy exceeds $75,000. Plaintiff is seeking damages in excess of $100,000. Specifically, Plaintiff is seeking damages between $100,000 and $200,000. (*See* Pl.'s Original Pet. at 10.)  Thus, removal to the Southern District of Texas is proper.

## IV.
## REMOVAL PROCEDURES

7.      On August 23, 2019, Plaintiff filed this case against State Farm in the 458th Judicial District Court of Fort Bend County, Texas. State Farm was served on September 18, 2019.  State Farm filed its Answer on October 11, 2019. This Notice of Removal is being timely filed on October 17, 2019. Accordingly, this Notice of Removal is timely filed within 30 days of when State Farm received service and within one year from the commencement of this suit. *See* 28 U.S.C. § 1446(b)(1); 28 U.S.C. § 1446(c)(1).

8.      The Houston Division of the Southern District of Texas is the proper venue because: (1) Plaintiff's property, which was allegedly damaged by wind and which forms the basis of Plaintiff's lawsuit, is located in Fort Bend County, 28 U.S.C. § 1391(b)(2), and (2) Plaintiff's State Court Action was brought, and is pending, in Harris County. *See* 28 U.S.C. § 1441(a).  Fort Bend County is within the jurisdictional limits of the Houston Division. *See* 28 U.S.C. § 124(b)(2).

9.      All information and documents required by 28 U.S.C. § 1446(a) and by Local Rule 81 to be filed with this Notice of Removal are attached and indexed in Exhibit A.  In addition, pursuant to 28 U.S.C. § 1446 (d), a copy of this Notice of Removal will be promptly filed with the Harris County District Clerk's Office and served on the Plaintiff.

10.      A jury fee was paid in state court and Defendant hereby requests a jury trial in this cause of action.

## V.
## <u>PRAYER</u>

11.     State Farm respectfully requests that the above-styled action now pending in the

458th Judicial District Court of Fort Bend County, Texas, be removed to this Honorable Court

pursuant to the Court's diversity jurisdiction, that upon final trial, judgment be rendered for State

Farm and against Plaintiff, that State Farm recover its costs, and for such other and further relief

to which State Farm may be justly entitled.

Respectfully submitted,

**GERMER PLLC**

By: _____
**DALE M. "RETT" HOLIDY**
Federal Bar No. 21382
State Bar No. 00792937
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 – Telephone
(713) 739-7420 – Facsimile
rholidy@germer.com

**ATTORNEY FOR DEFENDANT,
STATE FARM LLOYDS**

**OF COUNSEL:**

**GERMER PLLC**
Lauren N. Herrera
Federal Bar No. 3174150
State Bar No. 24092720
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 - Telephone
(713) 739-7420 - Facsimile
lherrera@germer.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to all known counsel pursuant to the Federal Rules of Civil Procedure on this the 17th day of October, 2019.

Shane McClelland                                              **Via CM/ECF**
THE LAW OFFICES OF SHANE MCCLELLAND
440 Cobia Drive, Suite 101
Katy, Texas 77494
Shane@hmtrial.com


**DALE M. "RETT" HOLIDY**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **CYNTHIA MITCHELL** | § | |
| | § | |
| **vs.** | § | **C.A. NO. 4:19-cv-04056** |
| | § | **(JURY)** |
| **STATE FARM LLOYDS** | § | |

## <u>AFFIDAVIT OF MICHAEL ROPER</u>

This day appeared before me, the undersigned authority, MICHAEL ROPER, who after being duly sworn, deposed and stated as follows:

1.      "My name is Michael Roper. I am over the age of 18, I have never been convicted of a felony or crime involving moral turpitude, and I am otherwise competent to make this affidavit.

2.      I am an Assistant Secretary - Treasurer of State Farm Lloyds, Inc. ("Lloyds, Inc."), attorney-in-fact for State Farm Lloyds. I am also the Assistant Vice-President - Accounting for State Farm Mutual Automobile Insurance Company ("State Farm Mutual"). My address is One State Farm Plaza, Bloomington, Illinois 61710-0001.

3.      As part of my job duties for State Farm Mutual, I oversee the department that maintains the books and records used to prepare and file the Annual Statements and similar filings for State Farm Mutual and each of its property and casualty insurance subsidiaries and affiliates, including State Farm Lloyds.

4.      State Farm Lloyds is an association of individual underwriters authorized to conduct business in Texas as a Lloyd's plan insurer as defined and set out in Chapter 941 of the Texas Insurance Code.

5.      As a Lloyd's plan insurer, State Farm Lloyds has designated an attorney-in-fact as provided under Texas law. Lloyds Inc., a Texas business corporation, is the attorney-in-fact in Texas for State Farm Lloyds and, as such, Lloyds Inc. is the agent of State Farm Lloyds.

6.      As an officer of these State Farm companies, I have knowledge of their respective directors, principal officers or underwriters, the type of entity each is, and other similar information. I have firsthand knowledge of the statements in this Affidavit pursuant to my duties in the above positions and they are true and correct.

7.      On March 19, 2018 the Texas Department of Insurance notified State Farm Lloyds that its Amended Articles of Agreement dated February 1, 2018 had been placed on file and that its records had been updated to reflect the following changes to the underwriters: Katinka Meijerink Bryson replaced Shyama Nichelle Terry, Wensley John Herbert replaced

1

Jon Charles Farney, Kimberly Ann Sterling replaced Jack W. Watts, Jr.  and Michael James Arnold replaced Kevin Harper McKay.  The underwriters following the changes made by the Amended Articles of Agreement are listed below:

- Angela Kaye Sparks:  Ms. Sparks maintains her residence and full time place of employment in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Annette Romero Martinez:  Ms. Martinez maintains her residence and full time place of employment in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Mark Edward Schwamberger:  Mr. Schwamberger maintains his residence and full time place of employment in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Wensley John Herbert:  Mr. Herbert maintains his residence and full time place of employment in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Katinka Meijerink Bryson:  Ms. Bryson maintains her residence and full time place of employment in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Michael James Arnold:  Mr. Arnold maintains his residence and full time place of employment in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Kenneth Edward Heidrich:  Mr. Heidrich maintains his residence and full time place of employment in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Kathleen Mary Pechan:  Ms. Pechan maintains her residence and full time place of employment in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Patricia Elizabeth Roark:  Ms. Roark maintains her residence and full time place of employment in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Laurette Catherine Stiles:  Ms. Stiles is domiciled in Illinois.  Her residence and full time place of employment is in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Kimberly Ann Sterling:  Ms. Sterling is domiciled in Illinois.  Her residence and full time place of employment is in Illinois and she has expressed an

2

- Kimberly Ann Sterling:  Ms. Sterling is domiciled in Illinois.  Her residence and full time place of employment is in Illinois and she has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

- Robert Hun Sang Yi:  Mr. Yi is domiciled in Illinois.  His residence and full time place of employment is in Illinois and he has expressed an intent to remain in Illinois while an Underwriter of State Farm Lloyds.

8.     At all times since the March 19, 2018 acceptance of the latest Amended Articles of Agreement by the Texas Department of Insurance, the above named underwriters have had their residences and full time places of employment in the State of Illinois.


FURTHER AFFIANT SAYETH NAUGHT."

MICHAEL ROPER


SUBSCRIBED TO AND SWORN TO before me, the undersigned authority on this

the 8th day of October, 2019.

OFFICIAL SEAL
KAREN HAMILTON
NOTARY PUBLIC - STATE OF ILLINOIS
My Commission Expires January 07, 2022

Notary Public for the State of Illinois

3

# EXHIBIT A

### LIST OF ATTORNEYS/PARTIES

Shane McClelland
THE LAW OFFICES OF SHANE MCCLELLAND
440 Cobia Drive, Suite 101
Katy, Texas 77494
Telephone: (713) 987-7107
Facsimile: (832) 827-4207
Shane@hmtrial.com
**Attorney for Plaintiff**


2.     Dale M. "Rett" Holidy
Lauren N. Herrera
GERMER PLLC
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
Telephone: (713) 650-1313
Facsimile: (713) 739-7420
rholidy@germer.com
lherrera@germer.com
**Attorneys for Defendant**


### INDEX OF DOCUMENTS FILED
### WITH REMOVAL ACTION

### CYNTHIA MITCHELL VS. STATE FARM LLOYDS

(a)     Plaintiff's Original Petition
(b)     Return Citation
(c)     Defendant State Farm Lloyds' Original Answer
(d)     Docket Sheet

Filed
8/23/2019 12:15 PM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Autumn Dolnik

**19-DCV-265798**

Cause No. _____

| | | |
|---|---|---|
| CYNTHIA MITCHELL, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | Fort Bend County - 458th Judicial District Court |
| | § | |
| V. | § | _____JUDICIAL DISTRICT |
| | § | |
| STATE FARM LLOYDS, | § | |
| | § | |
| Defendant. | § | FORT BEND COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Cynthia Mitchell ("Plaintiff"), and files this, her Original Petition and Request for Disclosure against Defendant State Farm Lloyds ("Defendant"), and in support thereof would respectfully show unto the Court the following:

## DISCOVERY CONTROL PLAN

Plaintiff intends to conduct discovery in this matter under Level 3, in accordance with Texas Rule of Civil Procedure 190.4.

## PARTIES

1.      At all relevant times, Plaintiff owned a house at 714 Coen Road, Rosharon, TX 77583.

2.      Defendant is an insurance company doing business in the State of Texas and may be served with process by serving its agent for service of process, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas, 78701.

1

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over the cause of action because the amount in controversy is within the jurisdictional limits of the Court.

4.      All or a substantial part of the events or omissions giving rise to this lawsuit occurred in Fort Bend County, Texas. Therefore, pursuant to Tex. Civ. Prac. & Rem. Code § 15.002, venue is proper in Fort Bend County, Texas. The damages being sought by Plaintiff are in excess of the minimum jurisdictional requirements of this Court.

5.      The Court has personal jurisdiction over Defendant because Defendant does business in the State of Texas and because Defendant issued a policy of insurance covering property that is located in this district.

## PLAINTIFF'S LOSS

6.      Plaintiff owned the property at 714 Coen Road, Rosharon, TX 77583 (the "Property") at all relevant times.

7.      The Property sustained significant windstorm damage when Hurricane Harvey ("Harvey") struck the Houston, Texas area on or about August 28, 2017.

8.      Defendant issued an insurance policy (Policy No. 53-CEZ915-4) (the "Insurance Policy") covering the Property, which was in full force and effect at the time Harvey struck.

9.      Plaintiff had paid all premiums for the Insurance Policy when Harvey damaged Plaintiff's property.

10.      The Insurance Policy covered Plaintiff's Property for damage caused by windstorm, among other perils.

11.      Plaintiff has already incurred and will incur significant expenses to repair the windstorm damage that Harvey caused at the Property.

2

12.     Shortly after Harvey, Plaintiff notified the Defendant of damages sustained as a result of Harvey and made a claim for benefits under the Insurance Policy.

13.     Defendant assigned an adjuster to investigate and adjust the loss.

14.     The adjuster visited the property but failed to fully and fairly investigate the loss.

15.     The adjuster prepared a damage estimate but failed to abide by the terms of the Insurance Policy, the Defendant's general company claims handling standards, and/or with recognized claims handling standards.

16.     The adjuster improperly omitted and undervalued covered losses from windstorm damage caused by Harvey to the Plaintiff's Property.

17.     Defendant failed to pay Plaintiff for covered windstorm damage to the Property caused by Harvey.

18.     Plaintiff submitted a damage assessment to the Defendant, seeking payment of the damaged property, less the policy deductible.

19.     The amount sought by the Plaintiff was based on a firsthand inspection and damage assessment prepared by Plaintiff's experts. The damage assessment included a room-by-room, line-by-line, unit cost damage estimate. Plaintiff's experts found that the windstorm damage greatly exceeded the amount and scope of the Defendant's adjustment.

20.     Defendant has unreasonably refused to acknowledge Plaintiff's expert's damage assessment as a basis for coverage and has failed to issue payment based on said damage assessment.

21.     Harvey windstorm caused every loss Plaintiff has identified.

22.     Defendant knows that Plaintiff is entitled to payment of insurance proceeds under the terms of the homeowner's policy that Defendant issued for the items of loss that Plaintiff has identified.

23.     Defendant has no reasonable basis for refusing to pay for the Harvey windstorm losses for which Plaintiff seeks insurance proceeds.

24.     Defendant's actions constitute a breach of the common law duty of good faith and fair dealing.

25.     Defendant has knowingly and intentionally misrepresented Plaintiff's insurance coverage to Plaintiff to avoid complying with its contractual obligation to pay for Plaintiff's covered losses due to Harvey windstorm damage.

26.     Defendant's obstinate refusal to acknowledge its coverage responsibilities out of court has required Plaintiff to file this action, thereby causing Plaintiff and this Court to endure unnecessary burden, expense, and delay.

27.     Plaintiff has filed this suit to recover the amount owed under the Insurance Policy, which Defendant wrongfully denied.

**COUNT I**
**BREACH OF CONTRACT**

28.     Plaintiff hereby repeats and incorporates by reference the allegations in the preceding paragraphs of this Petition as if set forth fully herein.

29.     Plaintiff and Defendant entered into a contract for insurance coverage when Plaintiff purchased and Defendant issued the Insurance Policy.

30.     Plaintiff paid her policy premiums and otherwise maintained the Insurance Policy, which was in good standing at the time the Property sustained windstorm loss in August 2017.

31.     Plaintiff has complied with all obligations owed under the Insurance Policy, including conditions precedent to recovery.

32.     Defendant, however, has breached its contractual obligations by wrongfully denying coverage and failing to issue payment for the amount owed on this claim as documented in Plaintiff's written demand for payment and supporting documents.

33.     Defendant's improper denial has harmed Plaintiff by denying the money to which Plaintiff is entitled under the terms of the Insurance Policy.

**COUNT II**
**VIOLATION OF TEXAS INSURANCE CODE:**
**UNFAIR SETTLEMENT PRACTICES AND**
**MISREPRESENTATION OF INSURANCE POLICY**

35.     Plaintiff hereby repeats and incorporates by reference the allegations in the preceding paragraphs of this Petition as if set forth fully herein.

36.     Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices, Tex. Ins. Code § 541.060; and Misrepresentation of Insurance Policy, §541.061. All violations under this article are made actionable by Tex. Ins. Code § 541.151.

37.     Defendant's practice of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.060(a)(1); § 541.061.

38.     Defendant's practice of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant's liability under the Insurance Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.060(a)(2)(A); § 541.061.

39.     Defendant's practice of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for their failure to offer a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.060(a)(3); § 541.061.

40.     Defendant's practice of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code § 541.060(a)(7).

41.     Each of Defendant's acts described herein, together and singularly, were done "knowingly" as that term is used in the Texas Insurance Code and were a producing cause of Plaintiff's damages described herein.

**COUNT III**
**VIOLATION OF TEXAS INSURANCE CODE:**
**PROMPT PAYMENT OF CLAIMS**

42.     Plaintiff hereby repeats and incorporates by reference the allegations in the preceding paragraphs of this Petition as if set forth fully herein.

43.     Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code, Chapter 542.  All violations made under this article are made actionable by Tex. Ins. Code § 542.060.

44.     Defendant's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that they reasonably believed would be required within the applicable time constraints, constitutes a non-prompt payment of claims and a violation of Tex. Ins. Code § 542.055.

6

45.     Defendant's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. Tex. Ins. Code § 542.056.

46.     Defendant's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, constitutes a non-prompt payment of the claim. Tex. Ins. Code § 542.058.

**COUNT IV**
**BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING**

47.     Plaintiff hereby repeats and incorporates by reference the allegations in the preceding paragraphs of this Petition as if set forth fully herein.

48.     The Insurance Policy was an insurance contract that existed between the Plaintiff and the Defendant. The Insurance Policy provided coverage for named windstorms during the life of the policy, providing coverage for dwelling.

49.     As a party to the Insurance Policy contract, Defendant owed a duty of good faith and fair dealing to the Plaintiff.

50.     However, Defendant engaged in fraudulent, deceitful, and other conduct inconsistent with its contractual obligations to Plaintiff.

51.     By failing to timely and adequately assess the Plaintiff's damages, refusing to properly adjust the loss, and refusing to pay money it owed under the Insurance Policy, despite knowing the damage was covered thereunder, Defendant has acted arbitrarily, capriciously, in a manner inconsistent with the reasonable expectations of the Plaintiff, and in violation of the duties of good faith and fair dealing.

52.     For these reasons and others set out in this Petition, Defendant breached the duty of good faith and fair dealing owed to the Plaintiff, proximately causing Plaintiff to suffer damages, including economic damage and emotional distress caused by the denial.

53.     Defendant is liable to Plaintiff for compensatory, consequential, and punitive damages as well as attorney fees, costs, expenses, pre-judgment interest, and all other damages and relief as this Court deems just and appropriate.

### COUNT V
### VIOLATION OF TEXAS DECEPTIVE TRADE PRACTICES/
### CONSUMER PROTECTION ACT

54.     Plaintiff hereby repeats and incorporates by reference the allegations in the preceding paragraphs of this Petition as if set forth fully herein.

55.     Defendant has committed violations of the Texas Deceptive Trade Practices/Consumer Protection Act ("DTPA"). The DTPA, Section 17.46, *et seq*., of the Texas Business and Commerce Code, provides additional protection to consumers who are victims of deceptive, improper, and/or illegal practices, including the award of treble damages for knowing violation, and for attorneys' fees. Defendant's conduct in engaging in such acts and practices has resulted in actual and consequential damages to Plaintiff and supports an award for treble damages.

56.     Each of Defendant's acts described herein, together and singularly, were done "knowingly" as that term is used in the Texas Deceptive Trade Practices Act and were a producing cause of Plaintiff's damages described herein.

57.     Plaintiff is entitled to actual damages resulting from these violations of the law. These damages include the sums Defendant has wrongfully refused to pay and any consequential damages to Plaintiff's economic welfare in the future, including any exacerbation of economic

condition occasioned by the delay in payment of these claims. Plaintiff is also entitled to recovery of treble damages for Defendant's knowing violations.

## DAMAGES

58.     The above described acts, omissions, failures, and conduct of Defendant have caused Plaintiff to suffer damages which include, without limitation, the cost to properly repair the damage to Plaintiff's property.

59.     Defendant "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. As a result, Plaintiff is entitled to additional damages under Section 17.50(b)(1) of the DTPA and Chapters 541 and 542 of the Texas Insurance Code.

60.     Defendant's breach of its duty of good faith and fair dealing owed to Plaintiff was done intentionally and with malice and gross negligence as those terms are defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations are the type of conduct that the state of Texas protects its citizens against by the imposition of exemplary damages.

61.     Therefore, Plaintiff seeks the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Defendant for its wrongful conduct and to set an example to deter this Defendant and others similarly situated from committing similar acts in the future.

62.     As a result of Defendant's conduct described herein, Plaintiff has been forced to retain the undersigned attorney to prosecute this action. Plaintiff is entitled to recover reasonable attorneys' fees under any applicable statute.

63.     Plaintiff is entitled to the recovery of attorneys' fees necessary to afford its rights, along with the costs and expenses set forth by law.

9

64.    Plaintiff seeks monetary relief over $100,000 but not more than $200,000.

## REQUEST FOR DISCLOSURE

Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant disclose the materials described in T.R.C.P. Rule 194.2.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer, and that after a trial on the merits, Plaintiff recover from Defendants damages for all causes of action described above, extra contractual damages as allowed by law and the causes of action described above, attorneys fees, costs of court, and all interest allowed by statute and common law and for such other relief to which Plaintiff may be entitled, both in equity and at law.

Respectfully submitted,

August 21, 2019                           s/ Shane McClelland
                                          Shane McClelland
                                          TX Bar# 24046383
                                          Attorney-in-Charge for Plaintiff
                                          The Law Offices of Shane McClelland
                                          440 Cobia Drive, Suite 101
                                          Katy, Texas 77494
                                          Phone: (713) 987-7107
                                          Fax:    (832) 827-4207
                                          Email: Shane@hmtrial.com


                                          *Attorney for Plaintiff*

09.411507

Filed
10/7/2019 3:43 PM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Autumn Dolnik

SERVICE FEE NOT COLLECTED
BY DISTRICT CLERK

**THE STATE OF TEXAS**

**CITATION**

**TO:   STATE FARM LLOYDS
C/O CORPORATION SERVICE COMPANY
211 E 7TH STREET SUITE 620
AUSTIN TX  78701**

**NOTICE:**

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE** filed on **August 23, 2019**, a default judgment may be taken against you.

The case is presently pending before the **458TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas. It bears cause number **19-DCV-265798**  and is styled:

**CYNTHIA MITCHELL VS STATE FARM LLOYDS**

The name and address of the attorney for **PLAINTIFF** is:

**SHANE ALLISTER MCCLELLAND
LAW OFFICES OF SHANE MCCLELLAND PLLC
440 COBIA DRIVE SUITE 101
KATY TX  77494
713-987-7107**

The nature of the demands of said **PLAINTIFF** is shown by a true and correct copy of the **PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE** accompanying this citation and made a part hereof.

If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, **on this the 10th day of September, 2019.**

**DISTRICT CLERK BEVERLEY MCGREW WALKER
FORT BEND COUNTY, TEXAS**
Physical Address:
1422 Eugene Heimann Circle, Room 31004
Richmond, Texas 77469
Mailing Address:
301 Jackson Street, Room 101
Richmond, Texas 77469

By: _____
Deputy District Clerk **AUTUMN DOLNIK**
Telephone: **(281) 238-3279**

**ORIGINAL**

19-DCV-265798                                     458th Judicial District Court
Cynthia Mitchell vs State Farm Lloyds

### OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _____ day of _____, 20__, at _____ o'clock ____M.

Executed at _____, within the County of __

_____, at _____ o'clock ___M. on the _____ day of _

_____, 20__, by delivering to the within named _____

_____, in person, a true copy of this citation together

with the accompanying copy of the petition, having first attached such copy of such petition to such copy

of citation and endorsed on such copy of citation the date of delivery.

Total fee for serving ___ citation at $80.00 each  $_____

_____
Name of Officer or Authorized Person

_____County, Texas

By:_____
Signature of Deputy or Authorized Person

*State day and hour and place of serving each person.

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____,
                            (First, Middle, Last)

my date of birth is_____, and my address is _____
                                                                                    (Street, City, Zip)

_____."

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the

day of _____.

_____
Declarant / Authorized Process Server

_____
(Id # & expiration of certification)

### ORIGINAL

Citation (Original Petition) issued to State Farm Lloyds on 9/10/2019.

## CAUSE NO. 19-DCV-265798

CYNTHIA MITCHELL
VS.

IN THE 458TH JUDICIAL DISTRICT COURT OF FORT BEND
COUNTY, TEXAS

STATE FARM LLOYDS

### AFFIDAVIT OF SERVICE

BEFORE ME, the undersigned authority, _Barbara C. Stinnett_ (SERVER), personally appeared on this day and stated under oath as follows:

1. My name is _Barbara C. Stinnett_ (SERVER). I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am in all ways competent to make this affidavit and this affidavit is based on personal knowledge. The facts stated herein are true and correct. My business address is: _P.O. Box 684627, Austin TX 78768_
(SERVER'S ADDRESS)

2. ON _09/17/19_ (DATE) AT _12 : 27_ ( _P_ ) M (TIME)
CITATION, PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURE came to hand for delivery to STATE FARM LLOYDS C/O CORPORATION SERVICE COMPANY.

3. ON _09/18/19_ (DATE) AT _03 : 03_ ( _P_ ) M (TIME) – The above named documents were delivered to: STATE FARM LLOYDS C/O CORPORATION SERVICE COMPANY by delivering to

_Samantha Guerra – Designated Agent_
(NAME AND TITLE), authorized agent for service @

_211 E. 7th Street, #620, Austin TX 78701_
(ADDRESS), by CORPORATE Service

_Barbara C. Stinnett_
SIGNATURE
PSC# _1181_   EXPIRATION: _07/31/20_

_Barbara C. Stinnett_
AFFIANT PRINTED NAME

SWORN TO AND SUBSCRIBED before me by _Barbara C. Stinnett_ appeared on this _19_ day of _September_ 2019 to attest witness my hand and seal of office.

NOTARY PUBLIC IN AND
FOR THE STATE OF TEXAS

2019.09.411507

MICHAEL R STINNETT
Notary ID #126498663
My Commission Expires
December 3, 2022

Filed
10/11/2019 3:43 PM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Ashley Alaniz

## CAUSE NO. 19-DCV-265798

| | | |
|---|---|---|
| CYNTHIA MITCHELL | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | 458TH JUDICIAL DISTRICT |
| | § | |
| STATE FARM LLOYDS | § | FORT BEND COUNTY, TEXAS |

## <u>DEFENDANT STATE FARM LLOYDS' ORIGINAL ANSWER</u>

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant, STATE FARM LLOYDS (hereinafter, "State Farm"), files its Original Answer to the allegations contained in Plaintiff's Petition, and all subsequent amended or supplemental petitions filed against it and would show as follows:

### I.
### <u>GENERAL DENIAL</u>

1.      State Farm generally denies all of the material allegations contained in Plaintiff's Original Petition, and any amendments thereto, and demands strict proof thereof as allowed under the laws of the State of Texas.  By this general denial, State Farm would require Plaintiff to prove every fact to support the claims in Plaintiff's Original Petition, and any amendments thereto, by a preponderance of the evidence.

### II.
### <u>DEFENSES</u>

2.      **Policy Coverage Provisions.**  Under the Insuring Agreement, Plaintiff bears the burden to prove damage resulting from an occurrence of accidental direct physical loss to the insured property during the policy period. Plaintiff lacks proof that any additional damages resulted from any accidental direct physical loss during the policy period.

3.      **Payment.**  State Farm is entitled to an offset or credit against Plaintiff damages, if any, in the amount of all payments State Farm has made to or on behalf of Plaintiff under the Policy

in connection with the damages and the insurance claim that give rise to Plaintiff's claims in this lawsuit.

**4.      Deductible/Offset.**  State Farm is entitled to on offset or credit against Plaintiff's damages, if any, in the amount of Plaintiff's deductible.

**5.      Limit of Liability.**  State Farm's liability, if any, is limited to the amount of the Policy limits under the subject Policy, pursuant to the "Limit of Liability" and other clauses contained in the Policy sued upon.

**6.      Failure of Policy Considerations/Conditions Precedent.**  State Farm hereby asserts all conditions of the Policy at issue including but not limited to all terms, deductibles, limitations, exclusions, and all "duties after loss." Specifically, Plaintiff has failed to satisfy the conditions of the Policy requiring Plaintiff to preserve evidence of the damage, to provide evidence when reasonably requested, and to mitigate further damage. The Policy states:

### SECTION I – CONDITIONS

2.      **Your Duties After Loss**. After a loss to which this insurance may apply, you shall see that the following duties are performed:

*  *  *  *  *

d.   as often as we reasonably require:

(1)      exhibit the damaged property;

**7.      Bona Fide/Legitimate Dispute.**  A bona fide and legitimate dispute exists precluding Plaintiff's recovery of damages under extra-contractual theories including the common law duty of good faith and fair dealing, and for violations of the Texas Insurance Code or any other statutory or common law authority.

**8.      No Waiver.**  Plaintiff's claims are barred, in whole or in part, because State Farm did not waive any of its rights under the Policy. The Policy states: "A waiver or change of any provision

of this policy must be in writing by [State Farm] to be valid." State Farm made no such waiver in this case.

**9.** **Cap on Punitive Damages.** Texas Civil Practice and Remedies Code section 41.001, *et. seq.,* applies and punitive damages awarded, if any, are subject to the statutory limit set forth therein, other applicable statutory authority, and common law. Further, unless Plaintiff proves State Farm's liability for punitive damages, and the amount of punitive damages, if any, by clear and convincing evidence, any award of punitive damages would violate State Farm's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article 1 of the Texas Constitution.

**10.** **Written Notice of Claim.** State Farm specifically denies that Plaintiff provided it with "notice of claim" pursuant to sections 542.051(4) and 542.055(a) of the Texas Insurance Code. The statute specifically states "'[n]otice of a claim' means any written notification provided by a claimant to an insurer that reasonably apprises the insurer of the facts relating to the claim." TEX. INS. CODE § 542.051(4). Because written notification was not provided by Plaintiff, she is barred from recovering under Chapter 542 of the Texas Insurance Code. State Farm also specifically denies that the Policy obligated State Farm to inform Plaintiff that written notice of the claim was required, and State Farm specifically denies that it was under any duty to provide notice regarding the applicability of Chapters 541 or 542 of the Texas Insurance Code.

**11.** **Chapter 542A.** State Farm asserts the limitations on the recovery of attorneys' fees, if any, as per TEX. INS. CODE § 542A.007.

### III.
### RIGHT TO AMEND

**12.** State Farm reserves the right to amend this Original Answer pursuant to the Texas Rules of Civil Procedure.

**IV.**
**JURY DEMAND**

**13.**     State Farm demands a trial by jury pursuant to Texas Rule of Civil Procedure 216.

**WHEREFORE, PREMISES CONSIDERED**, Defendant, STATE FARM LLOYDS,
respectfully requests that upon final trial and hearing hereof, that Plaintiffs take nothing and that
Defendant recover its costs, fees, and expenses, and for such other further relief to which Defendant
may show itself to be justly entitled, both in law and at equity.

Respectfully submitted,

**GERMER PLLC**

By:_____

**DALE M. "RETT" HOLIDY**
State Bar No. 00792937
rholidy@germer.com
**LAUREN N. HERRERA**
State Bar No. 24092720
lherrera@germer.com
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 – Telephone
(713) 739-7420 – Facsimile

**ATTORNEYS FOR DEFENDANT,**
**STATE FARM LLOYDS**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument has been served on
all counsel of record on this 11th day of October, 2019.

Shane McClelland                                                                    VIA E-SERVICE
THE LAW OFFICES OF SHANE MCCLELLAND
440 Cobia Drive, Suite 101
Katy, Texas 77494

_____
**DALE M. "RETT" HOLIDY**

# REGISTER OF ACTIONS
## CASE NO. 19-DCV-265798

| | | |
|---|---|---|
| Cynthia Mitchell vs State Farm Lloyds | § <br> § <br> § <br> § <br> § | Case Type: **Contract - Other Contract** <br> Date Filed: **08/23/2019** <br> Location: **458th District Court** |

---

### PARTY INFORMATION

| | | |
|---|---|---|
| **Defendant or Respondent** | **State Farm Lloyds** <br><br> Austin, TX 78701 | **Attorneys** <br> **Dale M. "Rett" Holidy** <br> *Retained* <br> 713-650-1313(W) |
| **Plaintiff or Petitioner** | **Mitchell, Cynthia** <br><br> Rosharon, TX 77583 | **Shane Allister McClelland** <br> *Retained* <br> 713-987-7107(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | |
|---|---|---|
| 08/23/2019 | **Petition**    **Doc ID# 1** | |
| | *Plaintiff's Original Petition and Request for Disclosure* | |
| 08/23/2019 | **Request**    **Doc ID# 2** | |
| | *Request for Process* | |
| 09/10/2019 | **Issuance**    **Doc ID# 3** | |
| | *Citation Issued to State Farm Lloyds* | |
| 09/10/2019 | **Citation** | |
| | *e-service* | |
| | State Farm Lloyds | Served | 09/18/2019 |
| | | Returned | 10/07/2019 |
| 10/07/2019 | **Officers Return**    **Doc ID# 4** | |
| | *Citation Return for State Farm Lloyds- Served on 9/18/19* | |
| 10/11/2019 | **Answer/Contest/Response/Waiver**    **Doc ID# 5** | |
| | *Defendant State Farm Lloyds' Original Answer* | |

---

### FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| | **Defendant or Respondent** State Farm Lloyds | | | |
| | Total Financial Assessment | | | 40.00 |
| | Total Payments and Credits | | | 40.00 |
| | **Balance Due as of 10/17/2019** | | | **0.00** |
| 10/14/2019 | Transaction Assessment | | | 40.00 |
| 10/14/2019 | E-filing | Receipt # 2019-65862-DCLK | State Farm Lloyds | (40.00) |
| | | | | |
| | **Plaintiff or Petitioner** Mitchell, Cynthia | | | |
| | Total Financial Assessment | | | 302.00 |
| | Total Payments and Credits | | | 302.00 |
| | **Balance Due as of 10/17/2019** | | | **0.00** |
| 08/23/2019 | Transaction Assessment | | | 302.00 |
| 08/23/2019 | E-filing | Receipt # 2019-59675-DCLK | Mitchell, Cynthia | (302.00) |